# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Koehler, Jr.,         :
         Appellant       :
                      :   No. 341 C.D. 2025
         v.           :
                      :   Submitted: June 16, 2026
John Wetzel, Jamie Sorber, and   :
Pennsylvania Department of Corrections :

BEFORE:   HONORABLE LORI A. DUMAS, Judge
                HONORABLE STELLA M. TSAI, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                          **FILED: July 21, 2026**

John J. Koehler, Jr., (Appellant), proceeding *pro se*, purports to appeal from an order entered by the Court of Common Pleas of Montgomery County (trial court), issued on March 5, 2024, which granted summary judgment in favor of John Wetzel, Jamie Sorber, and the Pennsylvania Department of Corrections (DOC) (collectively, Appellees). Additionally, Appellant has filed an application for relief, requesting that this Court excuse his untimely appeal, and Appellees have filed an application to quash this appeal as untimely. After careful review, we deny Appellant's application, grant Appellees' application, and quash the appeal.

# I. BACKGROUND[1]

In July 2020, while incarcerated at the State Correctional Institution Phoenix (SCI-Phoenix), Appellant filed a grievance complaining that a "night light" constantly illuminated his cell during evening hours. Appellant requested the light be turned off, and, additionally, a monetary award of $100.00 per day with additional fees. Upon review, the facility's grievance coordinator upheld the grievance and indicated that maintenance would address the lighting issue. *See* Mot. Summ. J., 11/29/23, Ex. C. There was no award of monetary damages or fees. *See id.*

Appellant commenced this action in January 2021, asserting a breach of contract. According to Appellant, the successful outcome of his grievance resulted in a settlement of $4,200 in damages and fees, which Appellees had refused to pay.

On March 5, 2024, the trial court granted summary judgment in Appellees' favor, concluding that sovereign immunity barred the claim and that no genuine issue of material fact existed as to the existence of a contract. *See* Trial Ct. Order, 3/5/24. Although Appellant handwrote dates of March 25, 2024, and May 3, 2024, on his notice of appeal and certificate of service, respectively, the trial court did not docket the appeal until March 11, 2025, more than one year after the trial court's order. *See* Notice of Appeal, 3/11/25.

In July 2025, this Court directed the parties to address the issue of timeliness in their briefs or in an appropriate motion. *See* Cmwlth. Ct. Order, 7/22/25. In response, Appellant filed an application for relief, suggesting that any delay resulted from the repeated mishandling of his legal mail by the Montgomery

---

[1] Unless otherwise stated, we present the facts as described in Appellant's complaint. *See* Compl., 1/14/21. Considering this case's procedural posture, we state the facts in the light most favorable to Appellant. *See Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017).

2

County Prothonotary and SCI-Phoenix. *See* Appl. for Relief, 8/18/25 (titled, "Petitioner's Motion for Continuing Appeal"). Although he does not explicitly state when he received his mail, he suggests it was delayed for approximately four months. *See id.* Thereafter, Appellees filed an application to quash the appeal as untimely. *See* Appl. to Quash, 10/3/25.

## II. ISSUE

Appellant asserts that the trial court improperly concluded that sovereign immunity barred his claim.[2] *See* Appellant's Br. at 1-2.

## III. DISCUSSION

We first address the timeliness of this appeal as it is a threshold matter that implicates our jurisdiction. *See Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Pennsylvania Rule of Appellate Procedure 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). It is well settled that the time for filing an appeal cannot be extended as a matter of grace or mere indulgence. *See Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979); *Martin v. Zoning Hr'g Bd. of W. Vincent Twp.*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020). Absent extraordinary circumstances, this Court must quash an untimely appeal. *See City of Phila. v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005); *Mazyck v. Harris* (Pa. Cmwlth., No. 880 C.D. 2022, filed Sept. 9, 2025), 2025 WL 2601783;[3] *see also* Pa.R.A.P. 105(b); *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001).

---

[2] Appellant does not offer an argument in support of this assertion. *See generally* Appellant's Br. Rather, he merely explains that he properly exhausted his administrative remedies prior to commencing this litigation. *See id.* at 2-3.

[3] We may cite unpublished decisions of this Court issued after January 15, 2008, for their persuasive value. *See* 210 Pa. Code § 69.414(a).

In this case, the trial court granted Appellees summary judgment on March 5, 2024. *See* Trial Ct. Order, 3/5/24. Appellant did not appeal until March 11, 2025, nearly one year beyond the expiration of the 30-day appeal period. *See* Notice of Appeal, 3/11/25. Accordingly, Appellant's appeal was patently untimely. *See* Pa.R.A.P. 903(a).

An appellant may proceed *nunc pro tunc* if there has been fraud, a breakdown in the administrative process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass*, 401 A.2d at 1135-36. This Court has long recognized that an administrative breakdown may occur when a decision is not properly addressed or delivered to an appellant, and this breakdown causes an untimely appeal. *See, e.g., UPMC Health Sys. v. Unemployment Comp. Bd. of Rev.*, 852 A.2d 467, 470-71 (Pa. Cmwlth. 2004) (granting an employer *nunc pro tunc* relief where the Unemployment Compensation Service Center mailed a determination addressed with an incorrect zip code, and the determination was received after the expiration of the appeal period); *Bradley v. Pa. Bd. of Prob. and Parole*, 529 A.2d 66, 67 (Pa. Cmwlth. 1987) (reasoning that negligent conduct by a third person may warrant *nunc pro tunc* relief); *see also, e.g., Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1120-21 (Pa. Cmwlth. 2021) (recognizing that a mailed item's tracking data can serve as reliable evidence of mailing and delivery dates for *nunc pro tunc* review). However, "[b]are allegations that one has failed to receive a mailing are [an] insufficient cause for allowing a *nunc pro tunc* appeal." *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 786 (Pa. Cmwlth. 2005).

In response to this Court's order directing Appellant to address the timeliness of his appeal, Appellant filed an application for relief in which he asserted that the Montgomery County Prothonotary repeatedly misrouted and incorrectly coded his legal mail, resulting in significant delays. *See* Appl. for Relief, 8/18/25. There are several reasons these assertions are insufficient. First, we observe that Appellant has not alleged the specific date on which he received the trial court's decision; thus, it is impossible to evaluate whether he promptly pursued appellate relief. Additionally, he has offered no reasonably verifiable evidence that would support his assertions. *See id.*; *cf. Barsky*, 261 A.3d at 1120-21. Appellant's vague and unsupported claims of mishandled mail do not excuse his untimely appeal. *See J.A.*, 873 A.2d at 786-87. Further, even accepting these assertions as true, an administrative delay of approximately four months does not account for an appeal filed nearly a full year after the deadline. *See* Appl. for Relief, 8/18/25. Appellant has offered no explanation for failing to promptly appeal once he had received the trial court's order, and this lack of prompt action is significant.[4] *See Bass*, 401 A.2d at 1135-36.

Finally, we note that Appellant's notice of appeal contradicts his assertions of an administrative breakdown. Appellant has suggested that he was unaware of the trial court's order for several months, *see* Appl. for Relief, 8/18/25, yet his notice of appeal is dated March 25, 2024, and the attached certificate of service is dated May 3, 2024, *see* Notice of Appeal, 3/11/25. Clearly, these

---

[4] It is well-settled that when a *nunc pro tunc* request involves a contested factual issue, the trial court is the appropriate forum to resolve that dispute through an evidentiary hearing. *See Weiman by Trahey v. City of Phila.*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989). However, where a party's assertions are unsupported by the existing record, no factual dispute exists, and remand is not necessary. *See id.*

handwritten dates undermine Appellant's narrative that he lacked notice of the trial court's order for several months.[5]  *See* Appl. for Relief, 8/18/25.

### IV. CONCLUSION

Appellant failed to timely appeal.  *See* Pa.R.A.P. 903(a).  Further, Appellant has not established an administrative breakdown that would warrant *nunc pro tunc* relief.  *See Bass*, 401 A.2d at 1135-36; *J.A.*, 873 A.2d at 786-87.  Accordingly, we deny Appellant's application for relief, grant Appellees' application to quash, and quash the appeal as untimely.  *See Frempong*, 865 A.2d at 317.

**LORI A. DUMAS, Judge**

---

[5] Appellant is a *pro se* prisoner. Therefore, the prisoner mailbox rule applies.  *See Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014); *Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Smith v. Pa. Bd. of Prob. & Parole*, 683 A.2d 278 (Pa. 1996).  Under this rule, a prisoner's *pro se* appeal or other legal document is deemed filed when given to prison officials or deposited in the prison mailbox, regardless of the date the filing reaches the court.  *See Kittrell*, 88 A.3d at 1097; *Jones*, 700 A.2d at 426; *Smith*, 683 A.2d at 281-82.  To benefit from the rule, the inmate bears the burden of proving that he timely deposited his filing in the prison mailbox or with prison officials.  *Kittrell*, 88 A.3d at 1097 (suggesting, *e.g.*, that a prison-issued cash slip reflecting a postal charge may be sufficient).

As noted, Appellant's notice of appeal is self-dated March 25, 2024.  *See* Notice of Appeal, 3/11/25.  However, absent reasonably verifiable evidence that would constitute proof of mailing, we decline to recognize March 25, 2024, as the date of filing.  *See Kittrell*, 88 A.3d at 1097; *see also, e.g.*, *Mazyk*, 2025 WL 2601783.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Koehler, Jr.,        :
           Appellant        :
                                 :     No. 341 C.D. 2025
            v.                 :
                                 :
John Wetzel, Jamie Sorber, and     :
Pennsylvania Department of Corrections :

# **O R D E R**

AND NOW, this 21ˢᵗ day of July, 2026, the application for relief filed by John J. Koehler, Jr., is DENIED. The application to quash filed by John Wetzel, Jamie Sorber, and the Pennsylvania Department of Corrections is GRANTED; the appeal of John J. Koehler, Jr. is QUASHED.

 

                                         **LORI A. DUMAS, Judge**